# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, *ET AL.* *Debtors* | CASE NO. 21-61491-TNAP (JOINTLY ADMINISTERED) CHAPTER 11 SUBCHAPTER V JUDGE PATTON |

## MOTION OF SUBCHAPTER V TRUSTEE FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH DAVID STANFILL, SIDNEY KEITH, ANDREW GOULD, JESSICA GRITZAN, KYLE SLUTZ AND SQUIRRELS LLC

Frederic P. Schwieg subchapter V Trustee ("Trustee") moves the Court pursuant to 11 U.S.C. §§ 363 and Federal Rule of Bankruptcy Procedure 9019(a) for an order approving a settlement of a certain Avoidance Actions (defined below) against David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz and Squirrels LLC (collectively "Defendants").

### PROCEDURAL BACKGROUND

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), (b) and (e) and General Order 2012-07 of the United States District Court for the Northern District of Ohio. This is a core proceeding in which the Court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(A), (B), (K), (N) and (O).

2.  On November 23, 2021 (the "Petition Date"), Squirrels Research Labs LLC ("Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.  On November 30, 2021, the Office of the United States Trustee appointed movant as the Trustee for this bankruptcy case [Doc. 35].

4.  The Debtor's Amended Plan of Reorganization Dated June 22, 2022 [Case Doc. 237] ("Plan") was confirmed by the court on July 28, 2022 [Doc. 269].

5. The Trustee does not have the power to investigate the financial affairs of the Debtor unless specifically authorized by the Court. 11 USC §1183(b)(2).

6. Article 8 of the Plan provides: "[n]otwithstanding the above paragraph, with respect to Avoidance Actions, if any, against insiders, as that term is defined in Bankruptcy Code section 101(31), Fred Schwieg, the current Subchapter V Trustee, shall be vested with the necessary duties, powers, standing and authority to prosecute and enforce these particular Avoidance Actions the Trustee was given the limited power only to investigate certain transfers from the Debtor to insiders of the Debtor."

**FACTUAL BACKGROUND**

7. The Debtor formed in late spring to early summer to 2018. Originally, the Debtor was owned by David Stanfill ("Stanfill"), Sidney Keith ("Keith"), Andrew Gould ("Gould"), Cory Shoaf and either Squirrels LLC ("Squirrels"), or a holding company called Scurry Holdings Group which owned or owns Squirrels and a number of releated companies that invest in or hold real estate for crytocurrncy operations in which Mr. Stanfill is or was involved.

8. Defendants Stanfill, Jessica Gritzan ('Gritzan"), Gould, Kyle Slutz ("Slutz"), Keith and Squirrels (collectively the "Defendants") are each an insider of the Debtor, and the recipient of certain transfers from the Debtor as identified in each of the adversary complaints and discussed below.

9. From time to time each of the Defendants either advanced funds or credit to the Debtor and received repayment of such advances of funds or credit from the Debtor ("Transfers").

10. These Transfers are summarized in the table attached as Exhibit A

**ESSENCE OF THE TRUSTEE'S ACTIONS**

11. The Trustee filed six adversary proceedings each styled Trustee v.: David Stanfill, Adversary No. 23-6028 ("Stanfill Adversary"); Jessica Gritzan, Adversary No. 23-6029

("Gritzan Adversary"); Andrew Gould, Adversary No. 23-6030("Gould Adversary"); Kyle Slutz, Adversary No. 23-6031("Slutz Adversary"); Sidney Keith, Adversary No. 23-6032("Keith Adversary"); Squirrels LLC, Adversary No. 23-6033 ("Squirrels Adversary").

12. The Trustee's complaints were mostly based on a re-characterization of the amounts provided by each of the Defendants as contributions to capital, and as a result recoverable fraudulent transfers from the Debtor to each of the Defendants. Re-characterization of debt to capital is governed by the factors set forth in *In re AutoStyle Plastics, Inc.*, 269 F.3d 726 (6th Cir. 2001).

13. The Trustee relied on several of the *Autostyle* factors in preparing the complaints: there were no promissory notes or other debt instruments reflecting the amounts owed to any of the Defendants; each of the Defendants was an insider and a member of the Debtor so there is an identity between the creditor and the shareholder; there was no security given for any of the obligations owed to any of the Defendants; the Debtor had little ability if any to obtain financing from an outside lending institution; and there was no sinking fund to provide repayments for these amounts. The Debtor was seeking additional capital as early as 2020, and the extensive infusion of additional funding from the Defendants suggested to the Trustee that the Debtor was not adequately capitalized for its contemplated operations, and the contemplated source of repayment was from the Debtor's operations. The only factor that favored the Defendants, to a certain extent, was whether the advances were to acquire capital assets.

14. The Debtor's records for the transactions were mostly poor with no indication of any reason for the transfers to the Defendants. The Trustee did receive and review a report from Mr. Stanfill regarding insider transfers. Some of the Defendants also received payment for deferred

salary and the Trustee chose not to pursue those amounts, as it would be difficult to show that such payments did not provide reasonably equivalent value to the Debtor for such services.

15. A report prepared by the Trustee's expert showed that most of the advances made from the Defendants fell broadly into 3 categories: (1) the repayment of certain travel expenses incurred by the defendants on the Debtor's business; (2) the purchase of supplies and components for use in the Debtor's manufacturing business; and (3) purchases of materials used to build out the Debtor's infrastructure.

## GOULD AND KEITH ADVERSARIES

16. The Gould and Keith adversaries differ significantly from the others and are addressed here.

17. The Gould complaint originally sought $182,249.43 from Mr. Gould. However, Mr. Gould established that most of the payments allocated to him in the Debtor's records were on a credit card in the name of the Debtor. The Trustee therefore sought $1,297.02 from Mr. Gould.

18. The payments to Mr. Keith were for a repurchase of his stock; Mr. Keith countered that the repurchase was a part of a resale of the stock to a different investor that produced additional investment in the Debtor that off set his purchase.

## GRITZAN ADVERSARY

19. Ms. Gritzan is listed in the Debtor's Statement of Financial Affairs as an 11% member and Chief Operating Officer. She is listed on Schedule E/F as having a priority wage claim of $13,650, and an unsecured non-priority claim of $82,233.18 also for "Deferred Pay."

20. The Trustee sought recovery $177,987.88 from Ms. Gritzan of which $80,236.39 was within the preference period. The Debtor's account records showed little explanation of what the payments to Ms. Gritzan were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component purchases. Many of them simply say "payment on account."

## SLUTZ ADVERSARY

21. Mr. Slutz is listed in the Debtor's Statement of Financial Affairs as a 4% member. He is listed on Schedule E/F as having a priority wage claim of $384.19 and an unsecured non-priority claim of $97,853.55 for "Owner."

22. The Trustee sought $151,343.97 from Mr. Slutz of which $1,000 was within the preference period. The Debtor's account records show little explanation of what the payments to Mr. Slutz were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component and materials purchases. Many of them simply say "payment on account."

## STANFILL ADVERSARY

23. Mr. Stanfill is listed in the Debtor's Statement of Financial Affairs as a 16.7% member, President and CEO of the Debtor. Mr. Stanfill is the primary person involved in the Debtor and its related enterprises. He is listed on Schedule E/F as having a priority wage claim of $13,650.00 and an unsecured non-priority claim of $149,099.84 for "Deferred Pay."

24. The Trustee sought $714,074.32 from Mr. Stanfill of which $153,911.56 was within the preference period. The Debtor's account records show little explanation of what the payments to Mr. Slutz were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component and materials purchases, and in many instances funding customer refunds. Mr. Stanfill was at times simply acting as an unsecured line of credit for the Debtor. Many of them simply say "payment on account."

## SQUIRRELS ADVERSARY

25. Squirrels is not listed in the Debtor's Statement of Financial Affairs, but at one time was a member of the Debtor but is also a company owned by several of the other Defendants. It is listed on Schedule E/F as having an unsecured non-priority claim of $264,593.18 with no explanation.

26. The Trustee sought $1,662,239.59 from Squirrels none of which was within the preference period. The Debtor's account records show little explanation of what the payments to Squirrels were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component and materials purchases and the providing of office, management and accounting services to the Debtor. The Trustee acknowledges that many of the large transfers to Squirrels were in 2018 at the startup of the Debtor, and the Debtor may not have been undercapitalized at that point.

## **MEDIATION**

27. The parties mediated these issues ("Meditation") with retired United States Bankruptcy Judge Arthur I. Harris on May 21, 2025, and reached the proposed compromise set forth below.

28. During the Mediation Judge Harris expressed skepticism about the central legal argument made by the Trustee: to wit that once the transactions were recharacterized they could be avoided as fraudulent transfers. The problem expressed by Judge Harris was that most of the transactions were for services or materials used by the Debtor, which in his view meant that even if there was recharacterization of these debts to equity contributions, the Defendants had still given reasonably equivalent vale to the Debtor thus defeating the Trustee's fraudulent transfer claims. If such a view were to prevail at trial the Trustee would potentially recover nothing from the Defendants.

## PROPOSED COMPROMISE

A.  A copy of the settlement agreement is attached as exhibit B ("Settlement Agreement").

B.  The Defendants other than Mr. Gould, shall jointly pay the total sum of Seventy-Five Thousand Dollars ($75,000.00) to Plaintiff, payable in six (6) monthly installments of Twelve Thousand Five Hundred Dollars ($12,500.00) each. The first installment shall be due on the first day of the month following the execution of this Agreement, and subsequent installments shall be due on the first day of each month thereafter until paid in full. Payment shall be made by check or wire transfer to an account designated by Plaintiff's counsel in writing.

C.  Mr. Gould shall pay the Plaintiff $500.00 in full settlement of the Gould Adversary.

D.  The Trustee believes the resolution described herein is fair and equitable considering (a) the position of the Mediator regarding the central argument on which the Adversaries are based; ; (b) probability of success in in fully litigating the FBF claims in the within bankruptcy case; (c) the potential for appeals; (d) the costs and expenses associated with litigation; (e) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (f) the paramount interest of all creditors. *See* *Christo v. Padgett*, 223 F.3d 1324, 1335 (11th Cir.2000), *cert. denied*, 531 U.S. 1191, 121 S.Ct. 1190, 149 L.Ed.2d 106 (2001);*Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir.1998); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir.1996); *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In the Matter of Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir.1995); *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135 (8th Cir.1984) (outlining the factors to be considered in reviewing a proposed compromise).

THEREFORE, the Trustee respectfully requests that this Court enter an order approving the proposed compromise and authorizing his entry into the Settlement with the Defendants.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Counsel for Alrachid LLC Debtor and Debtor in Possession

## CERTIFICATE OF SERVICE

A copy of this Motion to Compromise was served on the following on the date filed by Notice of Electronic Filing or email.

John C. Cannizzaro on behalf of Interested Party Instantiation LLC
John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com

Nicholas Paul Capotosto on behalf of Debtor Squirrels Research Labs LLC
nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com

Nicholas Paul Capotosto on behalf of Plaintiff Squirrels Research Labs LLC
nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc.
christopher.combest@quarles.com

Jack B. Cooper on behalf of Defendant Squirrels LLC
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Andrew Gould
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant David Stanfill
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Jessica Gritzan
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Kyle Slutz
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Sidney Keith
jcooper@milliganpusateri.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company

jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company
rgoff@westonhurd.com, cvadino@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC
sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC
JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC
mmerklin@ralaw.com, dignasiak@ralaw.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC
mmerklin@ralaw.com, dignasiak@ralaw.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA
dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC
cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power
pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Plaintiff Frederic P Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell
bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank
rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Attorney Brouse McDowell, LPA
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Lauren Schoenewald ust47 on behalf of U.S. Trustee United States Trustee
lauren.schoenewald@usdoj.gov

VIA EMAIL
Paul Billinger
paul.billinger@toreaconsulting.com

/s/ Frederic P. Schwieg
Frederic P. Schwieg

| Name | Total Tranfers | Pref Transfer Total | Adv No | Sched Claim | Net Claim |
|---|---|---|---|---|---|
| Jessica Gritzan | $177,987.88 | $80,236.39 | 6029 | $ 95,883.18 | $ 82,104.70 |
| Andrew Gould | $ 22,327.02 | | 6030 | | $ 22,327.02 |
| David Stanfill | $714,074.32 | $ 153,911.56 | 6028 | $ 162,749.84 | $ 551,324.48 |
| Kyle Slutz | $151,343.97 | | 6031 | $ 98,237.72 | $ 53,106.25 |
| Sidney Keith | $132,132.80 | $22,800.00 | 6032 | | $ 132,132.80 |
| Squirrels LLC | $1,662,239.59 | | 6033 | $ 264,593.18 | $ 1,397,646.41 |

EXHIBIT
A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") effective as of September ___ , 2025 is entered into by and among Squirrels LLC ("Squirrels"), David Stanfill ("Stanfill"), Andrew Gould ("Gould"), Jessica Gritzan ("Gritzan"), Sidney Keith ("Keith"), and Kyle Slutz ("Slutz"), on the one hand (collectively the "Squirrels Parties" or "Defendants"), and Frederic P. Schwieg ("Trustee" or "Plaintiff") on the other hand. Collectively all parties to this agreement shall be jointly referred to as the "Parties."

WHEREAS, On November 23, 2021 (the "Petition Date"), Squirrels Research Labs LLC ("Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court" , Case Number 21-61491-tnap ("Bankruptcy Case") Plaintiff is the duly appointed Subchapter V Trustee in the Bankruptcy Case;

WHEREAS The Debtor's Squirrels Research Labs LLC Amended Plan of Liquidation Dated June 22, 2022 [Case Doc. 237] ("Plan") was confirmed by the court on July 28, 2022 [Doc. 269];

WHEREAS The Trustee does not have the power to investigate the financial affairs of the Debtor unless specifically authorized by the Court. 11 USC §1183(b)(2);

WHEREAS Article 8 of the Plan provides "[n]otwithstanding the above paragraph, with respect to Avoidance Actions, if any, against insiders, as that term is defined in Bankruptcy Code section 101(31), Fred Schwieg, the current Subchapter V Trustee, shall be vested with the necessary duties, powers, standing and authority to prosecute and enforce these particular Avoidance Actions ";

WHEREAS, the Plaintiff commenced six adversary proceedings in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, against the Defendants each styled Trustee v.: David Stanfill, Adversary No. 23-6028 ("Stanfill Adversary"); Jessica Gritzan, Adversary No. 23-6029("Gritzan Adversary"); Andrew Gould, Adversary No. 23-6030("Gould Adversary"); Kyle Slutz, Adversary No. 23-6031("Slutz Adversary"); Sidney Keith, Adversary No. 23-6032("Keith Adversary"); Squirrels LLC, Adversary No. 23-6033 ("Squirrels Adversary") (collectively "Adversaries");

WHEREAS, Defendants have each denied all liability; and

WHEREAS, in order to avoid the costs and uncertainties of litigation, the parties, without admitting any fault or liability whatsoever, wish to resolve all claims pending in the Lawsuit, have participated in good-faith settlement negotiations, and have reached a settlement.

NOW, THEREFORE, in consideration of the mutual obligations set forth herein and other good and valuable consideration, the receipt of which and sufficiency of which are hereby acknowledged, the parties agree as follows:

## 1. Recitals

The above recitals are substantive terms of this Agreement and are hereby incorporated by reference as if fully rewritten herein.



**EXHIBIT B**

## 2. Approval by Bankruptcy Court

The terms of this agreement are expressly made contingent upon approval of all terms by the United States Bankruptcy Court for the Northern District of Ohio. Should the court fail to approve this settlement then the terms of this agreement shall become void, and any that all payments by made by Defendants shall be refunded and transferred to their counsel in this matter for distribution to Defendants.

## 3. Release

The Trustee hereby fully, completely and finally waives, releases, remises, acquits, and forever discharges and covenants not to sue any and all Defendants with respect to any and all claims, demands, suits, liabilities, debts, obligations, covenants, contracts, torts, or causes of action of any kind whatsoever, at law or in equity, including without limitation all claims that were or could have been asserted in the Litigation from the beginning of time until the effective date of this Agreement, whether known or unknown, arising from Avoidance Actions as defined in the Plan.

Each of the Defendants hereby irrevocably waives, releases, and relinquishes any and all claims, proofs of claim, rights to payment, or causes of action of any kind, whether contingent or non-contingent, known or unknown, arising before or as of the date of this Agreement, that they may hold or assert against the Debtor, its bankruptcy estate, or the Trustee in the Bankruptcy Case. This waiver includes, without limitation, any claim for indemnity, contribution, reimbursement, or subrogation related to the adversary proceedings, as well as any right to participate in distributions from the bankruptcy estate. Defendants agree not to file, assert, or pursue any such claims now or in the future, and any filed proofs of claim filed by the Defendants in the Bankruptcy Case shall de disallowed.

The Parties specifically do not waive or release any claim that may arise for breach of this Agreement, said claim being the only claim that may be pursued by any Party if another defaults.

## 4. Settlement Payment

The Defendants other than Mr. Gould, shall jointly pay the total sum of Seventy-Five Thousand Dollars ($75,000.00) to Plaintiff, payable in six (6) monthly installments of Twelve Thousand Five Hundred Dollars ($12,500.00) each. The first installment shall be due on the first day of the month following the execution of this Agreement, and subsequent installments shall be due on the first day of each month thereafter until paid in full.

Mr. Gould shall pay the Plaintiff $500.00 in full settlement of the Gould Adversary.

Payment shall be made by check or wire transfer to the Debtor-in Possession as set forth in the Plan

In the event of a failure by Defendants to make any installment payment within ten (10) days of its due date, and after receiving written notice of default and an additional five (5) day opportunity to cure, the full remaining balance of the $75,000.00 shall become immediately due and payable.

## 5. Further Assurances

Each Party agrees to execute any further documents and do all such further acts as may be reasonably necessary to implement and carry out the intent of this Agreement.

### 6. No Admission of Liability

This Agreement and the consideration provided herein do not constitute and shall not be construed as an admission of liability or wrongdoing by any Party. All liability is expressly denied.

### 7. Authority

Subject to approval by the Bankruptcy Court each Party represents and warrants that it possesses full authority to enter into this Agreement and to lawfully and effectively release the other Party or Parties as set forth herein.

### 8. Entire Agreement

This Agreement contains the complete and entire agreement between the Parties and supersedes all prior agreements, representations, and understandings, whether written or oral.

### 9. Voluntary Assent

The Parties represent that they have read and fully understand this Agreement, have had the opportunity to consult legal counsel, and voluntarily accept all of its terms.

### 10. Costs and Attorneys' Fees

Each Party shall bear its own attorneys' fees and costs incurred in connection with the Litigation and this Agreement.

### 11. Governing Law and Jurisdiction

This Agreement shall be governed by and construed under the laws of the State of Ohio. The Parties agree that the U.S. Bankruptcy Court for the Northern District of Ohio shall have exclusive jurisdiction over any disputes arising under this Agreement.

### 12. Successors and Assigns

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, and legal representatives.

### 13. Construction and Severability

This Agreement shall be construed as if jointly drafted by the Parties. If any provision is found to be unenforceable, the remainder of the Agreement shall remain in full force and effect.

### 14. Counterparts

This Agreement may be executed in counterparts and by electronic or facsimile signature, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the PARTIES have hereunto set their hands, on the dates set forth below:

| Frederic P. Schwieg, Subchapter V Trustee | David Stanfill |
|---|---|
| _____ <br><br> Date: | _____ <br> Date: <br><br> _____ <br> Andrew Gould <br> Date:_____ <br><br> _____ <br> Jessica Gritzan <br><br> Date: <br><br> _____ <br> Sidney Keith <br><br> Date:_____ <br><br> _____ <br> Kyle Slutz <br> Date:_____ <br><br> Squirrels LLC <br><br> By: _____ <br> Its: _____ <br> Date: |

23-06031-tnap    Doc 52    FILED 09/12/25    ENTERED 09/15/25 11:59:50    Page 15 of 24

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, *ET AL.* <br> *Debtors* | CASE NO. 21-61491-TNAP <br> (JOINTLY ADMINISTERED) <br> CHAPTER 11 <br> SUBCHAPTER V <br> JUDGE PATTON |

### ORDER GRANTING MOTION OF SUBCHAPTER V TRUSTEE FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH DAVID STANFILL, SIDNEY KEITH, ANDREW GOULD, JESSICA GRITZAN, KYLE SLUTZ AND SQUIRRELS LLC

Frederic P. Schwieg subchapter V Trustee ("Trustee") moves the Court pursuant to 11

U.S.C. §§ 363 and Federal Rule of Bankruptcy Procedure 9019(a) for an order approving a

settlement of a certain Avoidance Actions (defined below) against David Stanfill, Sidney Keith,

Andrew Gould, Jessica Gritzan, Kyle Slutz and Squirrels LLC (collectively "Defendants") [Doc.

] ("Motion").  Notice of the Motion having been certified by the Trustee as having been served

on all parties in interest, the Court being fully apprised of the premises for the Motion FINDS

and ORDERS as follows:

## THE COURT FINDS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), (b) and (e) and General Order 2012-07 of the United States District Court for the Northern District of Ohio. This is a core proceeding in which the Court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(A), (B), (K), (N) and (O).

2. On November 23, 2021 (the "Petition Date"), Squirrels Research Labs LLC ("Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On November 30, 2021, the Office of the United States Trustee appointed movant as the Trustee for this bankruptcy case [Doc. 35].

4. The Debtor's Amended Plan of Reorganization Dated June 22, 2022 [Case Doc. 237] ("Plan") was confirmed by the court on July 28, 2022 [Doc. 269].

5. The Trustee does not have the power to investigate the financial affairs of the Debtor unless specifically authorized by the Court. 11 USC §1183(b)(2).

6. Article 8 of the Plan provides: "[n]otwithstanding the above paragraph, with respect to Avoidance Actions, if any, against insiders, as that term is defined in Bankruptcy Code section 101(31), Fred Schwieg, the current Subchapter V Trustee, shall be vested with the necessary duties, powers, standing and authority to prosecute and enforce these particular Avoidance Actions the Trustee was given the limited power only to investigate certain transfers from the Debtor to insiders of the Debtor."

7. The Debtor formed in late spring to early summer to 2018. Originally, the Debtor was owned by David Stanfill ("Stanfill"), Sidney Keith ("Keith"), Andrew Gould ("Gould"), Cory Shoaf and either Squirrels LLC ("Squirrels"), or a holding company called Scurry Holdings

Group which owned or owns Squirrels and a number of releated companies that invest in or hold real estate for crytocurrncy operations in which Mr. Stanfill is or was involved.

8.   Defendants Stanfill, Jessica Gritzan ('Gritzan"), Gould, Kyle Slutz ("Slutz"), Keith and Squirrels (collectively the "Defendants") are each an insider of the Debtor, and the recipient of certain transfers from the Debtor as identified in each of the adversary complaints and discussed below.

9.   From time to time each of the Defendants either advanced funds or credit to the Debtor and received repayment of such advances of funds or credit from the Debtor ("Transfers").

10.  These Transfers are summarized in the table attached as Exhibit A to the Motion

### ESSENCE OF THE TRUSTEE'S ACTIONS

11.  The Trustee filed six adversary proceedings each styled Trustee v.: David Stanfill, Adversary No. 23-6028 ("Stanfill Adversary"); Jessica Gritzan, Adversary No. 23-6029 ("Gritzan Adversary"); Andrew Gould, Adversary No. 23-6030("Gould Adversary"); Kyle Slutz, Adversary No. 23-6031("Slutz Adversary"); Sidney Keith, Adversary No. 23-6032("Keith Adversary"); Squirrels LLC, Adversary No. 23-6033 ("Squirrels Adversary").

12.  The Trustee's complaints were mostly based on a re-characterization of the amounts provided by each of the Defendants as contributions to capital, and as a result recoverable fraudulent transfers from the Debtor to each of the Defendants. Re-characterization of debt to capital is governed by the factors set forth in *In re AutoStyle Plastics, Inc.*, 269 F.3d 726 (6th Cir. 2001).

13.  The Trustee relied on several of the *Autostyle* factors in preparing the complaints: there were no promissory notes or other debt instruments reflecting the amounts owed to any of the Defendants; each of the Defendants was an insider and a member of the Debtor so there is an identity between the creditor and the shareholder; there was no security given for any of the

obligations owed to any of the Defendants; the Debtor had little ability if any to obtain financing from an outside lending institution; and there was no sinking fund to provide repayments for these amounts. The Debtor was seeking additional capital as early as 2020, and the extensive infusion of additional funding from the Defendants suggested to the Trustee that the Debtor was not adequately capitalized for its contemplated operations, and the contemplated source of repayment was from the Debtor's operations. The only factor that favored the Defendants, to a certain extent, was whether the advances were to acquire capital assets.

14. The Debtor's records for the transactions were mostly poor with no indication of any reason for the transfers to the Defendants. The Trustee did receive and review a report from Mr. Stanfill regarding insider transfers. Some of the Defendants also received payment for deferred salary and the Trustee chose not to pursue those amounts, as it would be difficult to show that such payments did not provide reasonably equivalent value to the Debtor for such services.

15. A report prepared by the Trustee's expert showed that most of the advances made from the Defendants fell broadly into 3 categories: (1) the repayment of certain travel expenses incurred by the defendants on the Debtor's business; (2) the purchase of supplies and components for use in the Debtor's manufacturing business; and (3) purchases of materials used to build out the Debtor's infrastructure.

## GOULD AND KEITH ADVERSARIES

16. The Gould and Keith adversaries differ significantly from the others and are addressed here.

17. The Gould complaint originally sought $182,249.43 from Mr. Gould. However, Mr. Gould established that most of the payments allocated to him in the Debtor's records were on a credit card in the name of the Debtor. The Trustee therefore sought $1,297.02 from Mr. Gould.

18. The payments to Mr. Keith were for a repurchase of his stock; Mr. Keith countered that the repurchase was a part of a resale of the stock to a different investor that produced additional investment in the Debtor that off set his purchase.

## GRITZAN ADVERSARY

19. Ms. Gritzan is listed in the Debtor's Statement of Financial Affairs as an 11% member and Chief Operating Officer. She is listed on Schedule E/F as having a priority wage claim of $13,650, and an unsecured non-priority claim of $82,233.18 also for "Deferred Pay."

20. The Trustee sought recovery $177,987.88 from Ms. Gritzan of which $80,236.39 was within the preference period. The Debtor's account records showed little explanation of what the payments to Ms. Gritzan were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component purchases. Many of them simply say "payment on account."

## SLUTZ ADVERSARY

21. Mr. Slutz is listed in the Debtor's Statement of Financial Affairs as a 4% member. He is listed on Schedule E/F as having a priority wage claim of $384.19 and an unsecured non-priority claim of $97,853.55 for "Owner."

22. The Trustee sought $151,343.97 from Mr. Slutz of which $1,000 was within the preference period. The Debtor's account records show little explanation of what the payments to Mr. Slutz were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component and materials purchases. Many of them simply say "payment on account."

## STANFILL ADVERSARY

23. Mr. Stanfill is listed in the Debtor's Statement of Financial Affairs as a 16.7% member, President and CEO of the Debtor. Mr. Stanfill is the primary person involved in the Debtor and its related enterprises. He is listed on Schedule E/F as having a priority wage claim of $13,650.00 and an unsecured non-priority claim of $149,099.84 for "Deferred Pay."

24. The Trustee sought $714,074.32 from Mr. Stanfill of which $153,911.56 was within the preference period. The Debtor's account records show little explanation of what the payments to Mr. Slutz were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component and materials purchases, and in many instances funding customer refunds. Mr. Stanfill was at times simply acting as an unsecured line of credit for the Debtor. Many of them simply say "payment on account."

## SQUIRRELS ADVERSARY

25. Squirrels is not listed in the Debtor's Statement of Financial Affairs, but at one time was a member of the Debtor but is also a company owned by several of the other Defendants. It is listed on Schedule E/F as having an unsecured non-priority claim of $264,593.18 with no explanation.

26. The Trustee sought $1,662,239.59 from Squirrels none of which was within the preference period. The Debtor's account records show little explanation of what the payments to Squirrels were for, though Mr. Stanfill identified some as reimbursement of advanced expenses or component and materials purchases and the providing of office, management and accounting services to the Debtor. The Trustee acknowledges that many of the large transfers to Squirrels were in 2018 at the startup of the Debtor, and the Debtor may not have been undercapitalized at that point.

## MEDIATION

27. The parties mediated these issues ("Meditation") with retired United States Bankruptcy Judge Arthur I. Harris on May 21, 2025, and reached the proposed compromise set forth below.

28. During the Mediation Judge Harris expressed skepticism about the central legal argument made by the Trustee: to wit that once the transactions were recharacterized they could be avoided as fraudulent transfers. The problem expressed by Judge Harris was that most of the transactions

were for services or materials used by the Debtor, which in his view meant that even if there was recharacterization of these debts to equity contributions, the Defendants had still given reasonably equivalent value to the Debtor thus defeating the Trustee's fraudulent transfer claims. If such a view were to prevail at trial the Trustee would potentially recover nothing from the Defendants.

### THE COURT ORDERS:

A. A copy of the settlement agreement is attached as exhibit B to the Motion ("Settlement Agreement").

B. The Defendants other than Mr. Gould, shall jointly pay the total sum of Seventy-Five Thousand Dollars ($75,000.00) to Plaintiff, payable in six (6) monthly installments of Twelve Thousand Five Hundred Dollars ($12,500.00) each. The first installment shall be due on the first day of the month following the execution of this Agreement, and subsequent installments shall be due on the first day of each month thereafter until paid in full. Payment shall be made by check or wire transfer to an account designated by Plaintiff's counsel in writing.

C. Mr. Gould shall pay the Plaintiff $500.00 in full settlement of the Gould Adversary.

D. The Trustee is authorized to enter into the Settlement Agreement, and upon entry of this order each of the Adversaries shall be dismissed with prejudice.

### ###

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| /s/ Frederic P. Schwieg | /s/ Jack Cooper, Esq. |
| Frederic P. Schwieg, Esq. (0030418) | Jack B. Cooper, Esq. (0069321) |
| Attorney at Law | Milligan Pusateri |
| 19885 Detroit Rd #239 | PO BOX 35459 |
| Rocky River, Ohio 44116 | 4684 Douglas Cir. NW |
| (440) 499-4506 | Canton OH 44735 |
| fschwieg@schwieglaw.com | Phone: (234) 209-9793 |
| Subchapter V Trustee | Fax: (330) 409-0249 |
| | Email: jcooper@milliganpusateri.com |
| | Counsel for Defendant |

## <u>**SERVICE**</u>

John C. Cannizzaro on behalf of Interested Party Instantiation LLC
John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com

Nicholas Paul Capotosto on behalf of Debtor Squirrels Research Labs LLC
nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com

Nicholas Paul Capotosto on behalf of Plaintiff Squirrels Research Labs LLC
nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc.
christopher.combest@quarles.com

Jack B. Cooper on behalf of Defendant Squirrels LLC
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Andrew Gould
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant David Stanfill
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Jessica Gritzan
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Kyle Slutz
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Sidney Keith
jcooper@milliganpusateri.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company
jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company
rgoff@westonhurd.com, cvadino@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC
sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC
JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC
mmerklin@ralaw.com, dignasiak@ralaw.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC
mmerklin@ralaw.com, dignasiak@ralaw.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA
dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC
cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power
pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Plaintiff Frederic P Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell
bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank
rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Attorney Brouse McDowell, LPA
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Lauren Schoenewald ust47 on behalf of U.S. Trustee United States Trustee
lauren.schoenewald@usdoj.gov

VIA EMAIL
Paul Billinger
paul.billinger@toreaconsulting.com